**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

PATRICK S. HANLEY, SR.
and
SHERRI HANLEY
1115 Oakwood Lane
Bel Air, Harford County
Maryland 21014,

              *Plaintiffs,*

      v.

CORPORAL FREDERICK F. CIRRANI
and
DEPUTY BRAD McQUAY
Harford County Sheriff's Office
45 S. Main Street
Bel Air, Harford County, MD 21014,

OFFICER ROBERT E. PFARR
and
OFFICER ALEX McCOMAS
and
CORPORAL AL GIANNINNI
and
AUXILIARY OFFICER J. GRANT
Police Department of Bel Air Maryland
39 Hickory Ave
Bel Air, Harford County, MD 21014,

              *Defendants.*

Case No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Patrick S. Hanley, Sr., and Sherri Hanley, through their undersigned counsel, bring this action against Defendants and allege and state as follows:

1.      Plaintiffs are, and at all times relevant to matters alleged in this complaint have been, citizens of United States of America and residents of the city of Bel Air, Harford County, Maryland.

2.      Defendants are now, and at all times material to this action were, duly appointed, employed, and acting police officers of the city of Bel Air, Harford County, Maryland; or duly appointed, employed, and acting deputy sheriffs of Harford County, Maryland.   Defendants' names, ranks, and addresses at the time of the alleged incidents are as follows: Cpl. Frederick F. Cirrani, Harford County Sheriff's Office, 45 S. Main Street, Bel Air MD; Officer Robert E. Pfarr, Police Department of Bel Air Maryland, 39 Hickory Ave, Bel Air MD; Deputy Brad McQuay, Harford County Sheriff's Office, 45 S. Main Street, Bel Air MD; Officer Alex McComas, Police Department of Bel Air Maryland, 39 Hickory Ave, Bel Air MD; Cpl. Al Gianninni, Police Department of Bel Air Maryland, 39 Hickory Ave, Bel Air MD; and Aux. Officer J. Grant, Police Department of Bel Air Maryland, 39 Hickory Ave, Bel Air MD.

3.      This action arises under the provisions of the Fourth, Sixth and Fourteenth Amendments to the Constitution of United States of America, under the Civil Rights Act, Title 42 of the United States Code, Section 1983, and pendent state law claims.

4.      This Court has jurisdiction by virtue of Title 28 of the United States Code, Sections 1343 and 1367.

5.      Each of the alleged acts of Defendants were done by them, and each of them, as individuals under color and pretense of the statutes, ordinances, regulations, customs, and usages of the city of Bel Air, Harford County, and / or the State of Maryland.

## FACTS COMMON TO ALL COUNTS

6.      On Sunday, March 30th, 2003 at approximately 2:45 AM Plaintiffs were asleep in their residence, which was at 1115 Oakwood Lane, Bel Air, Harford County, Maryland at that time.   Their son, Patrick S. Hanley, Jr., was also asleep at that residence, as was a guest and friend of Plaintiffs' son, Ben Miller.

7.      Plaintiffs were awakened by loud knocking on the front door of their residence and the constant ringing of the doorbell.  Plaintiff Patrick Hanley, Sr. answered the knocking at the door and was confronted by the Defendants, led by Cpl. Cirrani.

8.      Plaintiff Patrick Hanley, Sr. inquired of Cpl. Cirrani as to his reasons for awakening Plaintiffs' household.

9.      Cpl. Cirrani stated in an aggressive and threatening manner that he was there to arrest Patrick Hanley, Jr. and Patrick Hanley, Jr.'s friend.  Cpl. Cirrani did not identify the friend by name.

10.     Plaintiff Patrick Hanley, Sr. inquired of Cpl. Cirrani as to whether there was a warrant for his son's arrest, whether there was a warrant for the arrest of any friend of his son's, and if so that friend's name, and as to whether Cpl. Cirrani or any of the officers or deputies in his party had a warrant to search Plaintiffs' residence.

11.     Cpl. Cirrani stated in an aggressive and threatening manner that there were no arrest warrants outstanding for either Patrick Hanley, Jr. or his friend whom Cpl. Cirrani did not identify, and that there were no warrants to search Patrick Hanley, Sr.'s residence, but he was going to do so anyway and there was nothing Plaintiff Patrick Hanley, Sr. could do to stop him.

12.     Plaintiff Patrick Hanley, Sr. told Cpl. Cirrani that he would not consent to any entry into or search of Plaintiffs' residence.  In response, Cpl. Cirrani followed by all the five other Defendant police officers and deputies in his party attacked Plaintiff Patrick Hanley, Sr., rushing him in an attempt to push past, over, and through Plaintiff Patrick Hanley, Sr. in order to invade his home.

13.     As Defendants attacked him, Plaintiff Patrick Hanley, Sr. stood his ground in defense of his home.

14.     Defendants, however, swarmed over him and quickly overcame him through the use of physical violence, striking, forcing him to the ground and handcuffing him during the unlawful invasion of his home.  Defendants placed Plaintiff Patrick Hanley Sr. under arrest.

15.     During this home invasion, Plaintiff Sherri Hanley rushed to the front door to see who was attacking her husband.  Plaintiff Sherri Hanley was threatened with physical violence and arrest, while she pleaded with the Defendants to leave Plaintiffs' residence.

16.     While Plaintiff Patrick Hanley, Sr. was handcuffed face-down on the floor, he stated that Patrick Hanley, Jr. was asleep in an upstairs bedroom.

17.     Plaintiff Sherri Hanley proceeded to the bedroom in which her son was asleep in order to wake him and have him come downstairs.  Defendants Officer Pfarr, Officer McComas and Deputy McQuay followed her and attempted to prevent her from entering the bedroom by physical force and threats to arrest her for obstructing justice.

18.     Plaintiff Sherri Hanley attempted to shut the door to her son Patrick Hanley, Jr.'s bedroom to allow him to get dressed, but was prevented from doing so by Officer McComas.

19.     Patrick Hanley, Jr. came out of his bedroom and peacefully surrendered himself to Defendants, who handcuffed him and forcefully threw him into a chair.

20.     While defendant Cpl. Cirrani kept watch over Plaintiffs and their son, Defendants Officer Pfarr, Deputy McQuay and Officer McComas invaded the basement of Plaintiffs' home, and placed Plaintiffs' guest, Ben Miller, under arrest as well.

21.     Defendants, and each of them, were motivated in this course of conduct and demonstrated in this course of conduct ill will, improper motivation, evil purpose or spite towards Plaintiffs, their son, and/or their guest.

22.     By reason of the illegal conduct of Defendants, and each of them, including Defendants' unprovoked attack on Plaintiff Patrick Hanley, Sr., Defendants' unprovoked attack and threats on Plaintiff Sherri Hanley, Defendants' unlawful arrest of Plaintiff Patrick Hanley, Sr., Defendants' unlawful invasion of Plaintiffs' home, and Defendants' unlawful search, seizure and abuse of Plaintiffs, Plaintiffs suffered physical and mental injuries.

## COUNT I: VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF UNITED STATES OF AMERICA

23.     The matters set forth in Paragraphs 1 through 22 above are realleged and incorporated in Count I by reference.

24.     The conduct of Defendants, and each of them, violated Plaintiffs' rights to be secure in their person and property against unreasonable search and seizure under the Fourth Amendment to the Constitution of United States of America as secured to them under the Fourteenth Amendment to the Constitution of United States of America.   As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs suffered extreme pain and suffering, physical injuries, humiliation, mental distress, and monetary losses.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT II: VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF UNITED STATES OF AMERICA

25.     The matters set forth in Paragraphs 1 through 24 above are realleged and incorporated in Count II by reference.

26.     The conduct of Defendants, and each of them, violated Plaintiffs' rights to be informed of the nature and causes of the accusations against Plaintiffs under the Sixth Amendment to the Constitution of United States of America as secured to them under the Fourteenth Amendment to the Constitution of United States of America.   As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs suffered extreme pain and suffering, physical injuries, humiliation, mental distress, and monetary losses.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

### COUNT III: VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF UNITED STATES OF AMERICA

27.     The matters set forth in Paragraphs 1 through 26 above are realleged and incorporated in Count III by reference.

28.     The conduct of Defendants, and each of them, violated Plaintiffs' rights not to be deprived of liberty or property without due process of law and the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of United States of America.   As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs suffered extreme pain and suffering, physical injuries, humiliation, mental distress, and monetary losses.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT IV: MALICIOUS PROSECUTION

29.     The matters set forth in Paragraphs 1 through 28 above are realleged and incorporated in Count IV by reference.

30.     Defendant Cpl. Cirrani instituted a criminal proceeding against Plaintiff Patrick Hanley, Sr. following the incident set out above by filing an Application for Statement of Charges in the District Court of Maryland for Harford County alleging that the course of conduct described above constituted an assault on him by Plaintiff Patrick Hanley, Sr., and that this course of conduct also constituted a crime in that Plaintiff Patrick Hanley, Sr. hindered the officers and deputies seeking to arrest his son.

31.     This proceeding was ultimately resolved in favor of Plaintiff Patrick Hanley, Sr.

32.     Defendant Cpl. Cirrani did not have probable cause to institute this proceeding.

33.     Through the course of conduct alleged above, Defendant Cpl. Cirrani acted with malice or a primary purpose other than bringing Plaintiff Patrick Hanley, Sr. to justice in instituting this proceeding.

34.     As a result of Defendant Cpl. Cirrani's actions Plaintiff Patrick Hanley, Sr. has suffered monetary damages and will continue to suffer severe mental anguish, and other damages and expenses.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT V: BATTERY

35.     The matters set forth in Paragraphs 1 through 34 above are realleged and incorporated in Count V by reference.

36.     Defendants, and each of them, during their course of conduct set out above in their unlawful invasion and search of Plaintiffs' home, and in furtherance of their plan to unlawfully invade and search Plaintiffs' home, attacked, struck, tackled, and /or wrestled Plaintiffs to the ground.

37.     Defendants' actions, and the actions of each of them, constituted an intentional touching of Plaintiffs by Defendants and were undertaken deliberately and with actual malice.

38.     As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs suffered extreme pain and suffering, physical injuries, humiliation, mental distress, and monetary losses.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT VI: VIOLATION OF THE MARYLAND DECLARATION OF RIGHTS

39.     The matters set forth in Paragraphs 1 through 38 above are realleged and incorporated in Count VI by reference.

40.     Defendants, and each of them, invaded and searched Plaintiffs' home and placed Plaintiffs under arrest without warrant, charge, probable cause or other justification.

41.     At all times, Defendants, and each of them, acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland, the County of Harford, and/or the City of Bel Air.

42.     By illegally entering Plaintiffs' home, illegally searching Plaintiffs and their home, by seizing and detaining Plaintiffs without a warrant or probable cause, and by use of excessive force in the course of the foregoing, Defendants, and each of them, deprived Plaintiffs of the rights, privileges and immunities guaranteed to Plaintiffs under the Maryland Declaration of Rights.  As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs have suffered damage by being deprived of their rights and being unlawfully held against their will for an extended period of time and have suffered and will continue to suffer severe emotional anguish, loss of reputation, loss of income and other damages.

43.     Defendants, and each of them, engaged in the above conduct set out above with actual malice.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

### COUNT VII: FALSE ARREST

44.     The matters set forth in Paragraphs 1 through 43 above are realleged and incorporated in Count VII by reference.

45.     Defendants, and each of them, had no legal or lawful right to enter into and invade Plaintiffs' home, and through their course of conduct outlined above subject Plaintiffs to arrest.

46.     The arrest of Plaintiffs was made without a warrant or probable cause, and demonstrated ill will, improper motivation or evil purpose, and was committed with actual malice.

47.     The fact that Plaintiffs denied permission for Defendants, and each of them, to enter into or search Plaintiffs' home, and the fact that Plaintiffs continually demanded that Defendants, and each of them, leave Plaintiffs' home after such unlawful entry did not constitute probable cause needed to make a warrantless arrest.

48.     The fact that Plaintiffs attempted to defend themselves from the unlawful home invasion and assault and battery committed against them by Defendants, and each of them, did not constitute probable cause needed to make a warrantless arrest.

49.     As a result of Defendants' conduct, and the conduct of each of them, Plaintiffs have suffered damage by being unlawfully held against their will for an extended period of time and have suffered and will continue to suffer severe emotional anguish, loss of reputation, loss of income and other damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT VIII: FALSE IMPRISONMENT

50.     The matters set forth in Paragraphs 1 through 50 above are realleged and incorporated in Count VIII by reference.

51.     Defendants, and each of them, by their actions and conduct set forth above, restrained Plaintiffs from moving freely about their home and restrained Plaintiffs from their freedom to follow their normal course of activities within their home.

52.     Defendants, and each of them, by their actions and conduct set forth above, caused Plaintiffs to be unlawfully deprived of their liberty.

53.     Plaintiffs were detained against their will by Defendants, and each of them, for at least 30 minutes.

54.     As a result, Plaintiffs suffered damage by being held against their will for an extended period of time.

55.     The conduct of Defendants outlined above, and the conduct of each of them, demonstrated and was motivated by actual malice.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.     The matters set forth in Paragraphs 1 through 55 above are realleged and incorporated in Count IX by reference.

57.     Defendants' conduct, and the conduct of each of them, as set out above was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result in injury to Plaintiffs.

58.     The aforesaid conduct by Defendants, and each of them, was extreme, outrageous, and beyond the bounds of decency in society.

59.     The aforesaid conduct of Defendants, and each of them, was malicious, willful and intentional.

60.     The conduct of Defendants outlined above, and the conduct of each of them, demonstrated and was motivated by actual malice.

61.     As a result of the aforesaid conduct and actions, Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of this suit and any and all other equitable relief or monetary damages deemed appropriate by this Court.

## COUNT X: TRESPASS

62.     The matters set forth in Paragraphs 1 through 61 above are realleged and incorporated in Count X by reference.

63.     Defendants, and each of them, did physically enter upon Plaintiffs home and residence.  This intrusion was unlawful, without consent of Plaintiffs, and interfered with the possessory interests of Plaintiffs in the aforesaid property.

64.     Plaintiffs denied Defendants, and each of them, permission to enter their home and residence multiple times throughout the encounter, and demanded that Defendants, and each of them, leave the aforesaid property multiple times throughout the encounter, all to no avail.

65.     As a result of Defendants' trespass, and the trespass of each of them, upon Plaintiffs' property, Plaintiffs' property was damaged.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages of $500,000, punitive damages of $1,000,000, together with interest, attorneys fees, and costs of

this suit and any and all other equitable relief or monetary damages deemed appropriate by this

Court.

### JURY TRIAL DEMAND

Please take note that Plaintiffs, pursuant to Fed.R.Civ.P. 38(b), demand trial by jury on

all issues.

 

_____
Martin E. Wolf (Bar No. 09425)
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Ave., Suite 408
Towson, Maryland 21204
(410) 825-2300
(410) 825-0066 (fax)

and

F. Joseph Gormley (Bar No. 12043)
The Goodman Building
156 South Street
Annapolis, Maryland 21401
(410) 268-2255
(410) 268-2999

Attorneys for Plaintiffs